IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y. Rec'd 11/20/13
★ NOV 2 0 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DEVORAH SHABTAI,

Plaintiff,
-against-

ERIC LEVANDE; STEVEN GOLDEN; NYPD DETECTIVE COGLIN; NYPD DEREK WRIGHT; NYPD JON HAFNER,

Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
13 CV 4580 (ENV)

VITALIANO, D.J.,

Plaintiff Devorah Shabtai filed the instant *pro se* action alleging jurisdiction pursuant to 28 U.S.C. § 1331. Shabtai now seeks permission to proceed *in forma pauperis* and the appointment of *pro bono* counsel. For the reasons discussed below, the Court grants Shabtai's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and denies her request for the appointment of *pro bono* counsel with leave to renew should circumstances change. Further, the Court dismisses Shabtai's claims against Eric Levande, Steven Golden, Derek Wright, and Jon Hafner. Shabtai's claims against the remaining defendant, Detective Coglin, will proceed at this time.

## Background

Shabtai avers a series of arrests and involuntary hospitalizations, which, she alleges, were instigated by her former husband Eric Levande. Shabtai claims that Levande "is a dangerous sociopath who met [plaintiff] and married her within 3 months to use her as a free surrogate mother and then viciously, wickedly and

**intentionally began a legal campaign to destroy her." Compl. at 1, ¶ 3. Shabtai further alleges that Levande had her arrested multiple times for violating orders of protection, and had her committed to a psychiatric hospital three times. Compl. at 2, ¶¶ 9-13. Specifically, Shabtai alleges that she was arrested in 2003 and 2004 by Detectives Jon Hafner and Derek Wright, who were allegedly acting at the behest of Levande.**

**Shabtai also advances several allegations against defendant Steven Golden, a more recent romantic partner of Shabtai. In particular, Shabtai claims she had sex with Golden in October, 2012 which resulted in her contracting the human papillomavirus (HPV). See generally Compl. at 4-7. Once Shabtai discovered that she contracted HPV she became "infuriated" and sent Golden dozens of text messages, called him numerous times and faxed a letter to his place of employment. Compl. at 6-7, ¶¶46-52. At some point Golden apparently contacted the police because, on March 15, 2013, Shabtai was "jumped" by two police officers, including Detective Coglin, was arrested and then charged with aggravated harassment. Compl. at 6-7, ¶¶ 46; 52. Shabtai states that the charges were dismissed on June 21, 2013. Compl. at 8, ¶ 61. Plaintiff seeks $500,000 in monetary damages for "loss of employment" and $2 million in monetary damages for "emotional distress and torture" experienced during her arrest and incarceration. Plaintiff also seeks to "bring civil rights violations against Eric Levande and Steven Golden that includes jail time." Compl. at 14.**

**Standard of Review**

**The purpose of the statute permitting litigants to proceed in forma pauperis is to insure that indigent persons have equal access to the judicial system. See Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). A litigant need not demonstrate destitution, but he or she must demonstrate poverty to qualify. See Potnick v. Eastern State Hosp., 701 F.2d 243, 244 (2d Cir. 1983). Whether a plaintiff is eligible for in forma pauperis status is a determination that lies within the sound discretion of the district court. See Choi v. Chemical Bank, 939 F. Supp. 304, 308-09 (S.D.N.Y. 1996).**

**Further, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action *sua sponte* where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).**

**At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).**

Moreover, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

### In forma pauperis

Shabtai's sworn declaration shows that she works part time as a tutor but was unemployed when she filed her petition. Further, Shabtai states that she receives $177 per month in food stamps and currently has only $416.53 in her bank account. She owns no property. On these facts, Shabtai has established that she does not have sufficient resources to pay the filing fee to commence this action, and her motion to proceed in forma pauperis is therefore granted.

### 42 U.S.C. § 1983

The complaint rests jurisdiction on 28 U.S.C. § 1331, which is appropriate should a plaintiff plead a colorable claim arising under the Constitution or laws of the United States. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)). Although plaintiff fails to identify the specific law(s) pursuant to which she brings this suit, liberally construed, the complaint alleges a violation of plaintiff's constitutional rights under 42 U.S.C. § 1983.

In order to maintain a § 1983 claim, a plaintiff must allege that (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. González-Maldonado v. MMM Healthcare, Inc., 693 F.3d 244, 247-48 (1st Cir. 2012); American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Morris v. Katz, No. 11 CV 3556, 2011 WL 3918965, at *6 (E.D.N.Y. Sept. 4, 2011). Here, Levande and Golden are private parties and therefore not state actors; 42 U.S.C. § 1983 is ordinarily inapplicable to them.

Private individuals who are not state actors may nonetheless be liable under § 1983 if they have conspired with or engaged in joint activity with state actors. See Filarsky v. Delia, 566 U.S. ---,---, 132 S.Ct. 1657, 1661–62, 182 L.Ed.2d 662 (2012); Briscoe v. LaHue, 460 U.S. 325, 330 n.7 (1983); see also Abdullahi v. Pfizer, Inc., 562 F.3d 163, 188 (2d Cir. 2009) ("Under § 1983, state action may be found when there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (quoting Brentwood Acad., 531 U.S. at 295 (2001)) (internal quotation marks omitted)). However, to the extent that plaintiff seeks to argue that Levande and Golden conspired with or are engaged in joint activity with the police, a state actor, her claim fails. In order to state a § 1983 conspiracy claim against a private entity, a

plaintiff must do more than plead in conclusory fashion that the defendant "conspired" with state actors. Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002). Instead, that plaintiff must allege facts showing: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pacicca v. Stead, 456 Fed.Appx. 9, 12, No. 10–1069, 2011 WL 5515954, at *12 (2d Cir. Nov. 14, 2011) (quoting Ciambriello, 292 F.3d at 324–25); see also Faison v. Maccarone, No. 11 CV 0137, 2012 WL 681812, at *5 (E.D.N.Y. Mar. 1, 2012). Here, plaintiff fails to allege any facts to show that Levande and Golden acted in concert with the police in furtherance of committing an unconstitutional act. Fairly reviewed, the facts rather convincingly demonstrate that she cannot validly state a claim that Levande and Golden conspired with the alleged state actors. Accordingly, the action is dismissed as to defendants Levande and Golden for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

False Arrest

Shabtai interposes a claim for false arrest against Police Officers Derek Wright, Jon Hafner and Detective Coglin. "To prevail on a claim for false arrest a plaintiff must show that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." Betts v.

Shearman, No. 12 Civ. 3195, 2013 WL 311124, at *5 (S.D.N.Y. Jan. 24, 2013) (citing Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995)). "Probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." Faruki v. City of New York, No. 12-1750-CV, 2013 WL 452536, at *1 (2d Cir. Feb. 7, 2013) (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)). Moreover, in this Circuit, "[a] valid prosecution resulting in conviction is conclusive evidence that probable cause existed for an arrest." Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986).

The statute of limitations for claims brought pursuant to § 1983 is determined by state law, and in New York, the statute of limitations for actions brought pursuant to § 1983 is three years. Owens v. Okure, 488 U.S. 235, 250–51 (1989) (holding that the most appropriate statute of limitations in a § 1983 action is found in the "general or residual [state] statute [of limitations] for personal injury actions"); Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009). While state law supplies the statute of limitations, federal law determines when the § 1983 claim has accrued. Wallace v. Kato, 549 U.S. 384, 388 (2007).

Here, Shabtai's claims for false arrest against Hafner and Wright are clearly time-barred. Shabtai alleges that, in 2003, she was arrested by Hafner for allegedly threatening and attempting to extort money from her former attorney. See Compl. at 9-10, ¶¶ 78-88. Next, Shabtai then alleges that, in either 2003 or 2004, she was arrested by Wright, detained for 24 hours, but that prosecution was declined.

Compl. at 11, ¶ 93. The statute of limitations on a false arrest claim begins to run "when the alleged false imprisonment ends." Wallace at 388–89. An alleged false imprisonment ends when "the victim becomes held pursuant to [legal] process—when, for example, he is bound over by a magistrate or arraigned on charges." Id. at 389 (emphasis omitted); accord Lynch v. Suffolk County Police Dept., Inc., 348 Fed.Appx. 672, 675 (2d Cir. 2009) (summary order). In that regard, Shabtai alleges that arrests by Hafner and Wright occurred in 2003 and 2004, but, more importantly, she was immediately "held pursuant to the legal process," ending the allegedly false arrest in each case. As a consequence, the false arrests ended far outside the limitations period, that is, more than three years before she filed the instant complaint in August, 2013. See Wallace, 549 U.S. at 391 ("We conclude that the statute of limitations on plaintiff's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial."); Lynch , 348 Fed.Appx. at 675; Lont v. Roberts, No. 12 CV 4960, 2013 WL 1810759, at *2 (E.D.N.Y. Apr. 26, 2013) (false arrest claim accrues on date of arrest). As Shabtai has not asserted any impediment to bringing her false arrest claims against Wright and Hafner within the limitations period, her § 1983 claims against them are, therefore, dismissed as time-barred.

Shabtai's final claim is that, on March 15, 2013, Detective Coglin falsely arrested her on charges of aggravated harassment, and that those charges were dismissed on June 21, 2013. Compl. at 8, ¶ 61. This claim, of course, is not time-barred and will be allowed to proceed at this time.

Pro Bono Counsel

Courts enjoy broad discretion in determining whether to appoint counsel for civil litigants, subject to the requirement that the decision be guided by sound legal principle. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (internal quotations omitted). Yet, *pro bono* resources are scarce; courts must husband them to ensure that they are available for the most demanding cases. When considering such a request, the threshold inquiry is whether there is "some likelihood of merit" in the claims of the *pro bono* applicant. Johnston v. Genessee Cnty. Sheriff Maha, 606 F.3d 39, 41 (2d Cir.2010) (quotation omitted). Shabtai presents no colorable argument regarding the meritoriousness of her claims at this time. Even if the threshold requirement were met, Shabtai would still fall short of meeting the secondary factors that bear on such a request, as there is no indication that this matter involves any particularly complex or novel legal issues, nor does plaintiff suggests any special reason why appointment of counsel in this case would be more likely to lead to a just determination. See Hodge v. Police Officers, 802 F.2d 58, 61–62 (2d Cir.1986).

Under these circumstances, the Court finds that the interests of justice do not necessitate appointment of counsel to represent plaintiff at this time. Plaintiff's motion for the appointment of counsel is therefore denied.

Conclusion

In accord with the foregoing analyses, the motion to proceed in forma pauperis is granted.. Further, Shabtai's claims against defendants Levande, Golden, Hafner and Wright are dismissed. No summons shall issue as to these defendants. The United States Marshals Service is, however, directed to serve the summons and complaint upon New York City Police Detective Coglin, without prepayment of fees. A courtesy copy of the summons, complaint, and this Memorandum & Order shall be sent by the Clerk of Court to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

Additionally, Shabtai's request for the appointment of pro bono counsel is denied, with leave to renew if future circumstances meet the test outlined in this Memorandum & Order, thus warranting reconsideration.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
November 12, 2013