FILED Rec'd
U.S. DIST. OF COURT E.D.N.Y.

★ SEP 1 7 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

DEVORAH SHABTAI,

                        Plaintiff,

       -against-

DETECTIVE COUGHLIN,

                        Defendant.

-----------------------------------------------------------------x

**MEMORANDUM & ORDER**

13-cv-4580 (ENV) (SMG)

**VITALIANO, D.J.,**

Plaintiff Devorah Shabtai, proceeding *pro se*, commenced this action on August 13, 2013, alleging violations of 42 U.S.C. § 1983, by Detective Coughlin, Police Officer Wright, Police Officer Hafner, Eric Levande and Steven Golden. By Memorandum & Order, dated November 20, 2013, the Court, *sua sponte*, dismissed all claims as to all defendants except for Shabtai's false arrest claim against Detective Coughlin.[1] Detective Coughlin now moves to dismiss that remaining claim pursuant to Rule 12(b)(6). For the reasons discussed below the motion is granted.

## Background

The gravamen of plaintiff's complaint is that a former romantic partner, Steven Golden, falsely complained to police that she was harassing him, which, she

-----

[1] The Court concluded, obviously without the benefit of the briefs submitted by the parties in connection with the instant motion, that Shabtai's pro se false arrest claim against Detective Coughlin was not clearly "frivolous or malicious" such that dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) would be appropriate.

1

claims, led to her arrest on a charge of second degree harassment. (Compl. ¶¶ 43-49; Pl. Mem. in Opp. to Motion to Dismiss ("Opp.") at 2-4.) According to Shabtai, she contracted HPV from Golden following a sexual encounter, and when she repeatedly attempted to contact him about the contagion he blocked her phone number. (See generally Compl. at 4-7; Opp. at 2-3.) Plaintiff alleges that "[a]s a retaliation for faxing him a letter and letting everyone in his office know that he has a sexually transmitted disease, Steven Golden strategized to have [plaintiff] arrested." (Opp. at 2.)

Not much of this is in material dispute. After receiving repeated unwanted communications from plaintiff, Golden did, indeed, contact the police. Specifically, Golden filed a police complaint on March 7, 2013 alleging that Shabtai "repeatedly called [him] on the phone, faxed [him] at home and showed up at [his] house knocking on door and slipping handwritten notes under door. [He] states that he has repeatedly told [Shabtai] to leave him alone and [Shabtai] has not listened, causing annoyance and alarm." (D'Andrea Decl., Ex. B (Complaint Report); see generally Compl. at 4-7.) Acting on this citizen complaint, Detective Coughlin unsuccessfully attempted to contact plaintiff over a period of approximately three weeks before finally locating and arresting her on the charge of aggravated harassment. (Compl. ¶¶ 46-48, 61-62; D'Andrea Decl. Ex. C (Arrest Report).) Shabtai alleges that, in effectuating her arrest, Detective Coughlin and other police officers chased her down the street and "jump[ed]" on her. (Compl. ¶ 46.) Ultimately, plaintiff accepted an adjournment in contemplation of dismissal, on April 24, 2013, and her case was dismissed on June 21, 2013. (Compl. ¶ 61;

2

D'Andrea Decl. Ex. D (Certificate of Disposition).)

<u>Standard of Review</u>

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." This rule does not compel a litigant to supply "detailed factual allegations" in support of his claims, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' . . . will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555); see also *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

To survive a Rule 12(b) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations omitted); *see Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (interpreting *Twombly* to require a "plausibility standard" that "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible") (emphasis omitted), *rev'd on other grounds*, 129 S. Ct. 1937 (2009). On a Rule 12(b)(6) motion, a court must

accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008).

Mindful that Shabtai is proceeding *pro se*, the Court additionally reads her papers liberally and interprets them as raising the strongest arguments they suggest. See Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## Analysis

The sole claim that survived the Court's *sua sponte* dismissal of the other claims in the complaint is Shabtai's false arrest claim against Detective Coughlin. "To prevail on a claim for false arrest a plaintiff must show that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." Betts v. Shearman, 2013 WL 311124, at *5 (S.D.N.Y. 2013). "Probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." Faruki v. City of New York, 2013 WL 452536, at *1 (2d Cir. 2013). "Probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Fonseca v. Alterio, 2006 U.S. Dist. LEXIS 57443, at *12 (D. Conn. 2006) (citing Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)). The existence of probable cause is analyzed under an objective standard. Id.

Applying these precedents, it is clear that Detective Coughlin had probable cause to arrest Shabtai. It is well-established that a "law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) (citation omitted). "[W]hen an arresting officer has been advised of a crime by a person who claims to be the victim and who it seems reasonable to believe is telling the truth, he typically has probable cause to effectuate an arrest." Powell v. Murphy, 972 F. Supp. 2d 335, 342 (E.D.N.Y. 2013).

Here, it is undisputed that Detective Coughlin arrested plaintiff based upon the complaint of Golden, who claimed to be the victim of plaintiff's well-described harassment, and Shabtai has alleged no reason in her pleadings or opposition papers as to why Detective Coughlin should have doubted Golden's veracity. In fact, both the complaint and Shabtai's opposition papers admit to many of the acts about which Golden complained to the police—including that Shabtai repeatedly called Golden and faxed a letter to his office informing his co-workers that Golden had HPV. (Compl. at 4-7; Opp. at 2-3). In short, given the circumstances, Golden's citizen complaint to the police well-sufficed to establish probable cause for plaintiff's arrest on charges of aggravated harassment.[2] As such, plaintiff's false

---

[2] Under New York law, "[a] person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she . . . communicates with a person . . . by telephone, by telegraph or by mail, or by transmitting or delivering any other form of written communication, in a manner likely to cause annoyance or alarm." N.Y. Penal

arrest claim against Detective Coughlin fails as a matter of law.[3]

## Conclusion

For the foregoing reasons, plaintiff's false arrest claim against Detective Coughlin cannot stand, his motion to dismiss it must be granted and the Complaint dismissed.

The Clerk of Court is directed to enter judgment in favor of all defendants on all claims and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:      Brooklyn, New York
             September 11, 2014

/S/ Judge Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge

---

Law § 240.30(1)(a).

[3] Because the Court concludes that probable cause existed to arrest plaintiff, it does not reach defendant's alternative contention that he possessed qualified immunity. Additionally, it is equally clear that, on the facts plaintiff alleges, any attempt to replead this claim would be futile and leave to do so, therefore, is denied.